Entered: March 6th, 2024
Signed: March 6th, 2024

**SO ORDERED**

This Order may not be binding on a Chapter 7 trustee in the event the case is converted to Chapter 7. Perkins v. Perkins (In re Perkins), 36 B.R. 618 (Bankr. M.D. Tenn. 1983).



**MARIA ELLENA CHAVEZ-RUARK**
U.S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MARYLAND
## GREENBELT DIVISION

| | |
|---|---|
| IN RE: <br> STEPHEN STEVE DESMOND GRANEAU, A/K/A STEPHEN DESMOND GRANEAU A/K/A STEVE GRANEAU <br><br>     Debtor | BCN#: 23-15004 <br> Chapter: 13 |
| J.P. Morgan Mortgage Acquisition Corp. or present noteholder, <br><br>     Movant/Secured Creditor, <br> v. <br> STEPHEN STEVE DESMOND GRANEAU, A/K/A STEPHEN DESMOND GRANEAU A/K/A STEVE GRANEAU <br>     Debtor | CONSENT ORDER RESOLVING MOTION FOR RELIEF FROM STAY |

This matter came on to be heard upon consideration of the Motion of J.P. Morgan Mortgage Acquisition Corp. for Relief from Automatic Stay of 11 USC 362 (a) as to certain real property at 8829 Fairhaven Avenue, Upper Marlboro, MD 20772; and

It appearing that the parties consent to the entry of this Order;

IT IS HEREBY ORDERED, that the automatic stay of 11 USC 362 (a) is hereby terminated so as to permit the Movant to commence foreclosure proceedings in accordance with applicable state law and pursuant to the terms of the deed of trust securing the Movant as to the real property designated as 8829 Fairhaven Avenue, Upper Marlboro, MD 20772.

IT IS FURTHER ORDERED, that the Movant shall forbear from exercising any rights to foreclosure under applicable law as to the subject real property provided that, and so long as, the Debtor performs under the note and security instrument and complies with the following terms and conditions of this Order:

a) The Debtor shall cure the post-petition arrearage of $6,423.00, which amount includes payments from October 1, 2023 through February 1, 2024 in the amount of $1,284.60 each, fees and costs of $0.00.

b) The Debtor shall cure the arrearage of $6,423.00 by making the following payments which include fees and costs:

| | |
|---|---|
| March 15, 2024 | $713.66 |
| April 15, 2024 | $713.66 |
| May 15, 2024 | $713.66 |
| June 15, 2024 | $713.66 |
| July 15, 2024 | $713.66 |
| August 15, 2024 | $713.66 |
| September 15, 2024 | $713.66 |
| October 15, 2024 | $713.66 |
| November 15, 2024 | $713.72 |

c) In addition to curing the arrearage, the Debtor shall resume making regular monthly post-petition payments due under the note beginning with the payment due March 1, 2024 and each month thereafter. Payments to be made directly to Carrington Mortgage Services, LLC, 1600 South Douglass Road, Anaheim, CA 92806.

d)   All payments made pursuant to this Order shall be applied first to reimburse the creditor for its attorney fees and costs (in connection with this motion), in the amount of $0.00. An additional amount of $100.00 may be obtained by the Secured Creditor for the attorney fees in the event that a valid Notice of Default is filed and\or Relief from the Automatic Stay is obtained for any reason. All further payments will be applied to the debt in the manner prescribed by the mortgage note and mortgage.

e)   If the Debtor defaults upon payment under the terms of this order or if any payments which have been acknowledged in the calculation of the mortgage arrearage in this order, but which subsequently fail to clear and are dishonored, then the Movant shall:

- mail to the Debtor and Debtor's counsel, and the Court, a notice setting forth the amount and nature of the default under the terms of this Order.

- the Debtor may within twelve days of mailing the notice of default submit the required payment to bring the Debtor current pursuant to the terms of this order. Any cure of a notice of default must include all amounts set forth in the notice of default as well as any payments which have subsequently accrued under the terms of this order and are due at the time the cure payment is tendered.

f)   Acceptance of partial payment by the Secured Creditor during the cure period shall not constitute a satisfaction or waiver of the notice of default; the forbearance provisions of this order shall terminate on the expiration of the twelve-day period in the absence of complete cure notwithstanding partial payment.

g)   If the default is not cured within the cure period, or if no response is filed to said notice, within twelve days of the mailing of the notice, which response denies the default specifically referencing the amounts paid by the Debtor since the entry of the Order by

check, money order, and by requesting a hearing, the forbearance provisions of this order shall terminate and the Secured Creditor shall be free to foreclose its security interest, upon the mailing of a Notice, to all parties and the Court, of Secured Creditor's right to foreclose its security instrument, Subsequent to such sale, the Secured Creditor may take all lawful actions in accordance with state law, to take possession of the property and shall, pursuant to Local Bankruptcy Rule 4001-3, provide a copy of the Report of Sale and all Audits Reports to the Bankruptcy Trustee if there is a surplus over and above the debt owed to the foreclosing noteholder.

IT IS FURTHER ORDERED AND AGREED that the Debtor's right to cure shall be limited to two (2) such opportunities and that upon the filing of a third default under the terms of the order; there shall be no further opportunity to cure and the Secured Creditor may proceed to foreclose its security interest in the subject real property.

IT IS FURTHER ORDERED AND AGREED that should the instant case be converted for any reason to a case under any other chapter of the bankruptcy code, or dismissed or discharged, the Movant may immediately be free to exercise all rights provided by the security instrument as the forbearance provisions of this order shall terminate upon conversion, dismissal or discharge.

I ask for this:

/s/Randa S Azzam
_____
William M. Savage, Esquire
Federal I.D. Bar No. 06335
Randa Azzam, Esquire
Federal I.D. Bar No. 22474
Gregory N. Britto, Esquire
Federal I.D. Bar No. 22531
Angela M. Tonello, Esquire
Federal I.D. Bar No. 30084
Counsel for Movant
ecf@logs.com

Seen; Agreed:
/s/ Albert Kaleb Coto
_____
Albert Kaleb Coto, Law Offices of Campos & Associates, Counsel for Debtor

    I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/_____ on the copy of the consent order submitted to the Court reference the signatures of consenting parties obtained on the original consent order.

   /s/Randa S Azzam
_____
William M. Savage, Esquire
Randa Azzam, Esquire
Gregory N. Britto, Esquire
Angela M. Tonello, Esquire

Copies of this order are to be sent to:

STEPHEN STEVE DESMOND GRANEAU A/K/A STEPHEN DESMOND GRANEAU A/K/A STEVE GRANEAU
8829 FAIRHAVEN AVENUE
UPPER MARLBORO, MD 20772

REBECCA A. HERR
CHAPTER 13 TRUSTEE
185 ADMIRAL COCHRANE DRIVE
SUITE 240
ANNAPOLIS, MD 21401

ALBERT KALEB COTO, LAW OFFICES OF CAMPOS & ASSOCIATES
2122 UNIVERSITY BLVD. W.
WHEATON, MD 20902

LOGS LEGAL GROUP LLP
MAILING ADDRESS
10130 PERIMETER PARKWAY, SUITE 400
CHARLOTTE, NORTH CAROLINA 28216


23-292847


**END OF ORDER**